19-1227-cv
Isaac v. NRA Grp., LLC

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of March, two thousand twenty.

PRESENT:  BARRINGTON D. PARKER,
          RAYMOND J. LOHIER, JR.,
          STEVEN J. MENASHI,
               *Circuit Judges.*

----------------------------------------------------------------

ALDEAN ISAAC, JULISSA ORTIZ,
INDIVIDUALLY AND ON BEHALF OF ALL
OTHERS SIMILARLY SITUATED,

          *Plaintiffs-Appellants,*

          v.                                        No. 19-1227-cv

NRA GROUP, LLC, DBA NATIONAL
RECOVERY AGENCY, INC., STEVEN C. KUSIC,

          *Defendants-Appellees.*

----------------------------------------------------------------

FOR PLAINTIFFS-APPELLANTS:   CRAIG B. SANDERS (David M. Barshay, *on the brief*), Barshay Sanders PLLC, Garden City, NY.

FOR DEFENDANTS-APPELLEES:   CINDY D. SALVO, The Salvo Law Firm, P.C., West Caldwell, NJ.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Joseph F. Bianco, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Aldean Isaac and Julissa Ortiz, individually and on behalf of all others similarly situated, appeal from a judgment of the District Court (Bianco, J.) dismissing their claims under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq., against NRA Group, LLC (NRA) and Steven C. Kusic, NRA's chief executive officer.   On appeal, Isaac and Ortiz argue that the District Court erred in concluding, on summary judgment, that the debt-collection letters that they received from NRA did not violate Section 1692g of the FDCPA.   We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to

2

affirm.

As relevant to our resolution of this appeal, the FDCPA requires debt collectors to correctly identify "the amount of . . . debt" owed in their "initial communication with a consumer" or in a "written notice" sent up to five days thereafter. 15 U.S.C. § 1692g(a); see Hart v. FCI Lender Servs., Inc., 797 F.3d 219, 228 (2d Cir. 2015). NRA argued to the District Court and argues on appeal that the September collection letters about which Isaac and Ortiz complained fail to qualify as initial communications subject to Section 1692g because Isaac and Ortiz were sent accurate debt-collection letters earlier on August 20, 2015. In support of this argument, NRA produced the August letters to Isaac and Ortiz during discovery and expressly stated in its two Rule 56.1 Statements that the August letters were sent. See Joint App'x 148–49, 196, 198–201, 1140–41. In response, Isaac and Ortiz failed to adduce admissible evidence in the form of "depositions, documents, electronically stored information, affidavits or declarations, [or] stipulations" denying that the letters were sent. Fed. R. Civ. P. 56(c)(1)(A). When given the opportunity to do so on appeal, Isaac and Ortiz were unable to point to any other admissible evidence demonstrating that the

3

August letters had not been sent.   See Oral Argument at 28:42–29:15, 33:08–34:10, Isaac v. NRA Grp., LLC (No. 19-1227-cv), http://www.ca2.uscourts.gov/decisions.   It is true that the District Court characterized "whether the September 2015 letters were initial communications subject to Section 1692g" as a "factual issue."   Special App'x at 6 n.6.   But Isaac and Ortiz failed to raise a genuine factual dispute under Rule 56 that the accurate August letters, not the incorrect September letters, constitute the initial communications in this case.   We therefore reject their claims under Section 1692g.

We have considered Isaac and Ortiz's remaining arguments and conclude that they are without merit.   For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4